IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHARLES PETERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-5 (WLS) |
| | : | |
| PEGGY SCOTT ADAMS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Pending before the Court are Defendant Peggy Scott Adams' Motions to Dismiss and for Summary Judgment. (Docs. 27 & 29.) For the reasons that follow, Adams' Motion to Dismiss (Doc. 27) is **GRANTED** and her Motion for Summary Judgment (Doc. 29) is **DENIED AS MOOT.**

## BACKGROUND

On January 6, 2014, Plaintiff Charles Peterson filed a *pro se* complaint under the Copyright Act, 7 U.S.C. § 501, *et seq.* (Doc. 1.) Following the Court's denial of Peterson's first motion for summary judgment (Docs. 10 & 11), the Court held a discovery conference on April 1, 2014. (*See* Doc. 12.) Peterson filed a second motion for summary judgment, which the Court construed as a motion for sanctions, after Adams, who was at that time proceeding *pro se*, failed to appear at the discovery conference and failed to timely make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). (Docs. 13 & 14.) Shortly after Adams was ordered to show cause for her failure to comply with orders of the Court, an attorney made an appearance on her behalf. (Doc. 15.) The second motion for summary judgment was denied. (Docs. 16 & 18.)

On August 18, 2014, Peterson filed a third motion for summary judgment. (Doc. 19.) After Adams responded thereto, Peterson moved the Court to consider "newly discovered evidence." (Docs. 21-24.) Adams thereafter responded and requested sanctions under

1

Federal Rule of Civil Procedure 37 because, according to Adams, the "newly discovered evidence" was available to Peterson at the time initial disclosures were due and he failed to disclose such evidence in accordance with Rule 26(a)(1). (*See* Doc. 25.) On October 30, 2014, the Court denied without prejudice Peterson's third motion for summary judgment because Peterson failed to comply with the Discovery Order and the Local Rules of this Court. (*See* Doc. 26.) The Court also gave Peterson fourteen days to show cause as to why he failed to disclose the "newly discovered evidence" in accordance with Rule 26(a)(1). (*See id.*)

After Adams filed the above-referenced Motions to Dismiss and for Summary Judgment (Docs. 27 & 29), Peterson was notified of those motions pending against him and he was provided with thirty days to respond thereto. (Docs. 32 & 33.) To date, Peterson has not filed a response to the Court's October 30, 2014 Order to Show Cause or Adams' Motions to Dismiss and for Summary Judgment. (*See generally* Docket.)

## **DISCUSSION**

Peterson bears the burden of establishing "a prime facie case of personal jurisdiction over [Adams,] a nonresident defendant." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). "A prima facie case is established if the Plaintiff presents enough evidence to withstand a motion for directed verdict." *Id.* The Court has personal jurisdiction over Adams if she falls within Georgia's long-arm statute. *See* Fed. R. Civ. P. 4(e); *see also Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). Georgia's long-arm statute applies to nonresident defendants who transact business within the state, or commit a tortious act, omission, or injury within the state. *See* Ga. Code Ann. § 9-10-91.

The connection between the allegations made in Peterson's complaint and the Middle District of Georgia is that "Plaintiff's place of business was located at 1214 W. 4th Ave., Albany, GA 31707." (*See* Doc. 1 at 2.) Peterson made no allegation that Adams committed a tortious act or injury in Georgia, or came into the state at all to conduct any business related to the allegations in Peterson's complaint. (*See* Doc. 1.) The Court noticed Peterson of the motion to dismiss pending against him on November 17, 2014, but he has not filed a re-

sponse or any evidence to support a finding that the Court has personal jurisdiction over Adams. For those reasons, the Court finds that it lacks personal jurisdiction over Adams.[1]

## CONCLUSION

For the reasons stated above, the Court finds that it lacks personal jurisdiction over Adams. Accordingly, Defendant Peggy Scott Adams' Motion to Dismiss (Doc. 27) is **GRANTED.** Adams' Motion for Summary Judgment (Doc. 29) is therefore **DENIED AS MOOT.**

**SO ORDERED**, this  18th  day of December 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that Peterson did not respond to the Court's October 30, 2014 Show Cause Order and has not made any filing in this case since October 1, 2014. (*See* Doc. 24.) Accordingly, this suit may also be subject to dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Because the case is being dismissed at this stage, the Court finds that any outstanding issue regarding Peterson's failure to comply with the Court's Discovery Order or Rule 26(a)(1) has been mooted.

3